IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAUI LAND & PINEAPPLE COMPANY, INC. a Hawaii corporation; and KAPALUA LAND COMPANY, LTD., a Hawaii Corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>DON EWING,<br><br>    Defendant. | CIVIL NO. CV07-00549 DAE/BMK<br><br>FINDING AND RECOMMENDATION THAT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT BE GRANTED |

FINDING AND RECOMMENDATION THAT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT BE GRANTED

Plaintiffs Maui Land and Pineapple Company, Inc.'s ("MLP) and Kapalua Land Company Ltd..'s (KLC) (collectively, "Plaintiffs") Motion for Default Judgment against Defendant , filed on January 4, 2008, (hereinafter, the "Motion"), came on for a hearing before Magistrate Judge Barry M. Kurren on January 18, 2008, at 2:00 p.m.  Keri Ann K. Shigemura Esq. appeared on behalf of Plaintiffs.  Defendant Don Ewing ("Defendant") did not file an opposition to the Motion, and no one appeared on behalf of Defendant at the hearing.

The Court, having considered the Motion, declarations, and exhibits, as well as the records and files herein, and good cause appearing therefore, FINDS & RECOMMENDS that Plaintiffs' Motion for Default Judgment be GRANTED.

BACKGROUND

Plaintiff MLP is a Hawaii corporation, located and doing business at 700 Village Road, Lahaina, Maui, Hawaii 96761.  Plaintiff KLC is a Hawaii corporation, located and doing business at 700 Village Road, Lahaina, Maui, Hawaii 96761.  Defendant was and is at all times relevant herein, a resident of the County of Maui, State of Hawaii.  On November 2, 2008, Plaintiffs filed their Complaint against Defendant Ewing seeking injunctive and declaratory relief for trademark infringement, false or misleading designations of origin and/or sponsorship, dilution, cyberpiracy, deceptive trade practices, and other related claims.

On November 14, 2007, Plaintiffs' Complaint and Summons were served upon Defendant.   Defendant's response to the Complaint was due on December 4, 2007.  Defendant Ewing failed to file any response to the Complaint, or plead or otherwise defend this action, and Entry of Default was entered against Defendant on December 13, 2008.

DISCUSSION

Plaintiffs have alleged that since 1975, they have continuously and actively used the mark "KAPALUA" in connection with the development of the Kapalua Resort on the Island of Maui, and a luxury real estate development located within the resort.   Plaintiffs claim that it was, and still is, the intention of Plaintiffs

2

that the name "Kapalua" be used to distinguish the Kapalua Resort from other resort and real estate development projects.

On April 21, 1975, MLP registered "Kapalua Resort" as a trade name, pursuant to Chapter 482, Haw. Rev. Stat., and has held it continuously to the present. On April 21, 1975, MLP also registered "Kapalua Bay Hotel" and "Kapalua Hotel" as trade names, pursuant to Chapter 482, Haw. Rev. Stat., and has held them continuously to the present. In addition to the trade names, on or about September 4, 1979, KLC obtained a State of Hawaii trademark registration for the word "Kapalua" with a stylized butterfly and a pineapple at the center (the "Butterfly Logo"), and has held and used it continuously to the present.

On January 18, 1977, KLC obtained a federal registration from the U.S. Patent and Trademark Office, for the Butterfly Logo in connection with the following in International Class 41: "providing entertainment services in the form of swimming, golf and tennis facilities." On April 23, 2003, KLC obtained a federal registration from the U.S. Patent and Trademark Office, for "KAPALUA" in connection with the following in International Class 28: "golf divot tools; golf ball markers; golf balls; golf bag travel covers; golf putter covers". On October 21, 2004, KLC obtained federal Trademark Registration No. 2,892,277 from the U.S. Patent and Trademark Office, for "KAPALUA" in connection with the following in International Class 42: "hotel, restaurant, health and beauty spa services."

On February 6, 2007, KLC obtained yet another federal registration from the U.S. Patent and Trademark Office, U.S. Registration No. 3,204,802, for "KAPALUA" in connection with the following in International Class 41: "Resort services, namely providing facilities for golfing, tennis, art classes and swimming; rental of equipment for golfing, tennis, art classes and swimming."  Plaintiffs MLP and KLC have registered with the State of Hawaii and collectively hold over 80 trade name registrations that include the word "Kapalua."

Defendant Ewing is the current registrant and holder of the Internet domain name, "KAPALUAWEDDINGS.COM". Complaint at ¶ 31; Exhibit "I" attached to the Complaint.  Plaintiffs claim that when Internet users search for "KAPALUA", they are directed to a website having as its domain name "KAPALUAWEDDINGS.COM", which is the website owned and maintained by Defendant.  Plaintiffs claim that they did not and have not authorized Defendant's use of Plaintiffs' "Kapalua" mark in connection with either the "KAPALUAWEDDINGS.COM" domain name for the website or in the website pages, or any goods or services to be offered therein.

Plaintiffs allege that Defendant's domain name is identical or confusingly similar to Plaintiffs' trade names, trademarks, and service marks using "Kapalua."  In particular Plaintiffs claim, in Counts 1-10, that:

1. Defendant engaged in unfair competition by falsely designating the origin of its goods and services through trade name and service mark infringement, and through misleading representation under 15 U.S.C. § 1125(a);

2. Defendant engaged in the unauthorized use of a registered mark in violation of 15 U.S.C. § 1114(1);

3. Defendant's activities will lead to trade name or service mark dilution in violation of 15 U.S.C. § 1125(c);

4. Defendant has engaged in cyberpiracy in violation of 15 U.S.C. § 1125(d) by registering an identical or confusingly similar domain name;

5. Defendant has engaged in cyberpiracy in violation of Haw. Rev. Stat. § 481B-22;

6. Defendant has engaged in unfair competition under Haw. Rev. Stat. § 480-2;

7. Defendant has caused injury to Plaintiffs' business reputations, and dilution, in violation of Haw. Rev. Stat. § 482-32;

8. Defendant has engaged in unfair and deceptive trade practices in violation of Haw. Rev. Stat. § 481A-3;

9. Defendant's activities constitute common law unfair competition, palming off, trade name, and trademark infringement; and,

     10.  Defendant has violated Haw. Rev. Stat. § 482-4(a).

Because Defendant has failed to answer the Complaint or otherwise respond to Plaintiffs' allegations, the Court accepts Plaintiffs' allegations as true, and FINDS that Plaintiffs are entitled to judgment on their Counts 1-10.

Accordingly, the Court RECOMMENDS that the Court order that Defendant and his respective officers, directors, partners, agents, servants, employees, attorneys, confederates and all persons acting for, with, by, through or under him, and any others within his control or supervision, and all others in active concert or participation with the above, be enjoined permanently from directly or indirectly:

    (1)    Using, in any manner in connection with the advertising or promotion of any wedding services or related goods or services, the designation, "KAPALUAWEDDINGS.COM", or any other designation, trade name, or trademark, or service mark that is confusingly similar to "KAPALUA";

    (2)    Using any false designation of origin or false descriptions that may or are likely to lead the trade or public or individual members thereof to believe that Defendant's domain name, "KAPALUAWEDDINGS.COM", is approved by, sponsored by, affiliated with, or are in any other way connected with Plaintiffs;

    (3)    Using any pictures, photographs or other images of Plaintiffs' Kapalua Resort (including images of any buildings or golf courses located within the Kapalua Resort) without Plaintiffs' express consent, that may or are likely to lead the trade or public or individual members thereof to believe that Defendant's domain name, "KAPALUAWEDDINGS.COM", is

6

approved by, sponsored by, affiliated with, or are in any other way connected with Plaintiffs;

(4) Engaging in any other activity in violation of 15 U.S.C. § 1114;

(5) Engaging in any other activity constituting unfair competition or false designation of origin under 15 U.S.C. § 1125(a);

(6) Engaging in any activity or conduct that dilutes Plaintiffs' trade names, trademarks, or service marks, or that violates 15 U.S.C. § 1125(c);

(7) Engaging in any activity or conduct constituting cyberpiracy or registration of identical or confusingly similar domain names in violation of 15 U.S.C. § 1125(d) and Haw. Rev. Stat. § 481B-22;

(8) Engaging in any activity or conduct constituting unfair competition, in violation of Haw. Rev. Stat. § 480-2;

(9) Engaging in any activity or conduct that injures Plaintiffs' business reputation or dilutes Plaintiffs' trade name, trademark, or service mark rights, in violation of Haw. Rev. Stat. § 482-32;

(10) Engaging in any activity or conduct constituting a deceptive trade practice under Haw. Rev. Stat. § 481A-3;

(11) Engaging in any other activity or conduct constituting unfair competition or trade name or trademark infringement under federal or State of Hawaii common law;

(12) Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities or conduct referenced to above.

It is further RECOMMENDED that the Court order Defendant to immediately assign to Plaintiff KLC all existing domain names using the term or name "KAPALUA", including without limitation

"KAPALUAWEDDINGS.COM," pursuant to 15 U.S.C. § 1125(d)(1)(c), and that if Defendant fails to assign to KLC the domain name, "KAPALUAWEDDINGS.COM" within 40 days after entry of this judgment, the domain name registrar for the domain name "KAPALUAWEDDINGS.COM" shall be directed to assign such domain name to Kapalua Land Company, Ltd., pursuant to ¶ 3(b) of the Uniform Domain Name Dispute Resolution Policy.

Finally, it is further RECOMMENDED that the Court adjudge and decree that Defendant has violated Haw. Rev. Stat. § 482-4(a).

IT IS SO FOUND & RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: February 21, 2008

Maui Land & Pineapple Co. v. Ewing; Civ. No. 07-00549 DAE-BMK; FINDING AND RECOMMENDATION THAT PLAINTIFFS' MOTION FOR DEFAULT BE GRANTED.